JOURNAL ENTRY AND OPINION
Appellant, the State of Ohio, appeals the dismissal of escape charges brought pursuant to R.C. 2967.28, the post-release control statute. The trial court dismissed the charges based on this Court's ruling in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74257, unreported, which found R.C. 2967.28 unconstitutional. On appeal, the State claims that the Ohio Supreme Court reversed Jones and found R.C. 2967.28 to be constitutional in Woods v. Telb (2000), 89 Ohio St.3d 504. After careful review, we reverse and remand.
The record presented to us on appeal reveals the following: On October 25, 1996, Jermaine Walker, the appellee herein, pled guilty in CR-341149 to drug abuse in violation of R.C. 2925.11 and was sentenced to one year of incarceration. On December 13, 1996, Mr. Walker pled guilty in CR-344138 to possession of drugs in violation of R.C. 2925.11 and was sentenced to another year of incarceration. The sentencing journals for each case do not make any reference to post-control release.
Following his release from prison, the Adult Parole Authority (hereinafter APA) placed Mr. Walker on post-release control. Subsequently, on May 7, 1999, the Cuyahoga County Grand Jury indicted Mr. Walker in CR-375637 with one count of escape in violation of R.C.2921.34. On February 3, 2000, the Cuyahoga County Grand Jury indicted Mr. Walker in CR-386655 with one count of escape in violation of R.C.2921.34. The escape charges are based upon his failure to return to detention with regard to the post-release control provisions imposed by the APA.
On May 23, 2000, motions to dismiss were filed by Mr. Walker. On June 16, 2000, the trial court held a hearing and granted the motions based upon this Court's decision in State v. Jones, supra, which held that the post-release control statute, R.C. 2967.28, was unconstitutional as violative of the doctrine of separation of powers and an offender's right to due process. It is from this decision that the State now appeals and raises one assignment of error.
 I. THE TRIAL COURT ERRED IN DISMISSING THE ESCAPE CHARGES AGAINST THE DEFENDANT, AS OHIO'S POST-RELEASE CONTROL STATUTE, O.R.C. §§ 2967.28, IS CONSTITUTIONAL.
In its sole assignment of error, the State contends that the trial court erred in dismissing the escape charges against Mr. Walker since on August 3, 2000, the Ohio Supreme Court found R.C. 2967.28 to be constitutional in Woods v. Telb, supra. In turn, Mr. Walker contends that the escape charges were properly dismissed since the trial court did not impose post-release control as part of his original sentences.
The Ohio Supreme Court recently found R.C. 2967.28 to be constitutional. See Woods, supra. Specifically, the Court found that R.C. 2967.28 does not violate the separation of powers doctrine or the due process clauses of either the United States or Ohio Constitutions. Id. The Court emphasized, however, that the offender must be given notice of the post-release control at the time of the original sentence. Id. at 513. Specifically, the trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Id.
Here, the trial court dismissed the escape charges against Mr. Walker based solely upon this Court's decision in Jones that R.C. 2967.28 was unconstitutional. Therefore, at the time of the dismissal hearing, the purely factual issue of whether Mr. Walker had been notified of the post-release control at the time of the originally imposed sentences was not before the trial court.[1]
Accordingly, we remand this case to the trial court for further proceedings consistent with our opinion. Specifically, we order that the trial court review the entire record and determine whether Mr. Walker was informed at sentencing or at the time of the plea hearing that post-release control was part of his sentence.
Judgement reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Although Mr. Walker submitted the sentencing journals, which do not refer to post-control release, the Ohio Supreme Court clearly stated in Woods that the offender could be informed "at sentencing or at the time of a plea hearing." Id. at 513. Accordingly, Mr. Walker's contention that the trial court "speaks only through its journal entries and not through oral pronouncement" is simply not applicable in this circumstance. Rather, in these cases, where it is not evident from the sentencing journal, it appears that the trial court must look at transcripts of the original sentencing or plea hearings to determine whether the offender was informed about post-release control.